IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM WARDLAW, | : | |
| | : | |
|   **Movant,** | : | |
| | : | |
| v. | : | Criminal Action No. 4:01-cr-45-3 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | Civil Action No. 4:04-cv-93 (HL) |
| | : | |
|   **Respondent.** | : | |

_____

# ORDER

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth [doc 76], entered March 22, 2005.  The Magistrate Judge recommends that William Wardlaw's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.A. § 2255 be denied.  Counsel for Wardlaw has filed timely, written objections to the Report and Recommendation, as permitted by 28 U.S.C.A. § 636(b)(1).  In his objections, Wardlaw states that he objects to the Magistrate Judge's findings and conclusions *in toto*, and requests that the Court conduct a de novo review of the evidence and testimony.

    Section 636 directs district courts to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.A. § 636(b)(1).  The United States Court of Appeals for the Eleventh Circuit has explained that the de novo review requirement of § 636(b)(1) necessitates that the district court give "'fresh consideration to those issues to which specific objection has been made by a party.'"  Jeffrey S. By Ernest S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)

(quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163).  The Eleventh Circuit further explained in Jeffrey S., however, that while de novo review requires "independent consideration of factual issues based on the record," it "does not require a new hearing of witness testimony."  Id. at 512.

More recently, the Eleventh Circuit refined on the obligations of a district court when reviewing a magistrate judge's findings.  In United States v. Cofield, 272 F.3d 1303 (11th Cir. 2001), the court held that although a district court is not *required* to rehear witness testimony when accepting a magistrate judge's credibility findings, as a general rule a district court *must rehear* the disputed testimony before rejecting a magistrate judge's credibility determinations.  Cofield, 272 F.3d at 1305-06 (emphases added).  The court noted that rehearing may be avoided only in the "'rare case' where 'there . . . [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis . . . [is] articulated by the district judge.'"  Id. at 1306 (quoting United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980)).

Consistent with the directives of the Eleventh Circuit, the Court has reviewed the record and the transcript of the evidentiary hearing conducted by the Magistrate Judge on January 30, 2005.  The Court has also carefully reviewed the Report and Recommendation, as well as the objections thereto.  After review, the Court finds no error in the conclusions of the Magistrate Judge.  It is clear to the Court that in reaching his conclusions, the Magistrate Judge was obliged to make credibility determinations concerning the two witnesses: Wardlaw and his trial counsel, Clark Adams.  Moreover, the Magistrate Judge elected to believe the testimony of Adams over

the testimony of Wardlaw. This Court accepts the Magistrate Judge's credibility determinations and finds that they are supported by the transcript and by the record. Moreover, the Court finds, as did the Magistrate Judge, that none of the claims raised by Wardlaw in his § 2255 Motion are supported by any credible evidence. Accordingly, the Court accepts the findings and recommendations of the Magistrate Judge in whole, and the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.A. § 2255 (doc 62) is hereby denied.

**SO ORDERED**, this the 9th day of August, 2005.

                                          **s/   Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mls