IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM WARDLAW, | : | |
| | : | |
|    Movant, | : | |
| | : | |
| v. | : | Criminal Action No. 4:01-cr-45-3 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | Civil Action No. 4:04-cv-93 (HL) |
| | : | |
|    Respondent. | : | |

_____

# ORDER

This matter is before the Court on Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e) [doc 80].  After consideration of the Motion, the same is hereby denied.

The purpose of a motion under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). *See also* 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (relief under Rule 59(e) "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"). A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made. It is not a substitute for an appeal. *See, e.g.,* Waye v. First Citizen's Nat'l. Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994).

After review of the Motion at issue here, the Court is of the opinion that it fails to demonstrate clear error, or otherwise satisfy the requirements of a Rule 59(e) motion.

Accordingly, the Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e) is hereby denied.

**SO ORDERED**, this the 29th day of August, 2005.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls