IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM WARDLAW, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:04-CV-93 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:01-CR-45 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's second Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed in this court on May 31, 2007, is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Superseding Indictment was returned in this court on December 6, 2001, charging Petitioner Wardlaw with the offenses of Armed Robbery in violation of 18 U.S.C. § 2111 in Count I, and with using, carrying, and/or brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 924(c)(4) in Count II. (R-17).

On December 17, 2001, the Government filed a Notice Of Mandatory Life Sentence pursuant to 18 U.S.C. § 3559(c)(4) and 21 U.S.C. § 851(a), inasmuch as Petitioner Wardlaw had been convicted of Robbery and Armed Robbery in New Jersey in 1973 and Murder in 1976. (R-20).

Petitioner Wardlaw negotiated a Plea Agreement with the Government ( R-33) and pled guilty to both counts of the Superseding Indictment (R-35) under terms, as expressed in the Plea Agreement, that the Government would file pleadings that would release the court from the mandatory life sentences under 18 U.S.C. § 3559(c)(4) and 21 U.S.C. § 851(a). Prior to sentencing, the Government filed a motion to reduce the Wardlaw's sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (R-41, 43). The court accepted the Government's recommendation and eliminated life sentences from consideration in the case. Petitioner Wardlaw was sentenced on April 4, 2002, to 156 months imprisonment as to Count I and a consecutive 84 months imprisonment as to Count II of the Indictment, for a total term of imprisonment of 240 months. (R-49).

Nonetheless, Wardlaw appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit where the same were affirmed by that Court's decision on July 30, 2003. (R-57). A motion for reconsideration was denied on January 23, 2004.

On July 12, 2004, Petitioner Wardlaw filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R-62). After full hearing with new counsel appointed to represent Petitioner Wardlaw, the district court found no merit in any of the contentions of Wardlow's § 2255 Motion and denied the same on August 9, 2005. (R-78). Petitioner attempted to appeal the district court's judgment, but was denied a certificate of appealability by both the district court and the United States Court of Appeals for the Eleventh Circuit (R-86, 91), on November 8, 2005, and February 6, 2006, respectively.

Thereafter, Petitioner Wardlaw made application to the United States Supreme Court for *writ of certiorari*, which was denied on October 6, 2006. Without authorization, Petitioner Wardlaw filed his second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 in this court on May 31, 2007. (R-94).

**Conclusions of Law**

Title 28 United States Code, Section 2255 ¶ 8, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). The United States Court of Appeals for the Eleventh Circuit has not authorized this court to consider Petitioner Wardlaw's second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

Petitioner's Motion, having been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2255 Proceedings For The United States District Courts, is found to be a second or successive § 2255 Motion filed in this court without authorization from the United States Court of Appeals for the Eleventh Circuit.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence, Pursuant to 28 U.S.C.§ 2255, be DENIED without prejudice to allow Petitioner opportunity to make application to the United States Court of Appeals for the Eleventh Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A) to file said Motion in this court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 4th day of June 2007.

                                                              S/ G. MALLON FAIRCLOTH
                                                              UNITED STATES MAGISTRATE JUDGE