# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **WILLIAM WARDLAW,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| v. | : | Criminal Action No. 4:01-cr-45-3 (HL) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | Civil Action No. 4:04-cv-93 (HL) |
| | : | |
| **Respondent.** | : | |

## ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth [Doc. 95], entered June 4, 2007. The Magistrate Judge recommends that William Wardlaw's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.A. § 2255 be denied. Wardlaw has filed timely, written objections to the Report and Recommendation, as permitted by 28 U.S.C.A. § 636(b)(1).

The Magistrate Judge concluded that Wardlaw's § 2255 Motion was an unauthorized second or successive § 2255 Motion. In his objections, Wardlaw maintains that his second § 2255 Motion presents issues that were raised in his first § 2255 Motion but not addressed. He argues, therefore, that the Court should consider the issues presented in the most recent § 2255 Motion. In the most recent § 2255 Motion, Wardlaw argues that in order to cover up a coerced plea, his defense counsel and the prosecutor misled the Court into believing that Wardlaw cooperated and deserved a downward departure under United States Sentencing Guideline § 5k1.1. Contrary to Wardlaw's assertions in his objections, all of the issues surrounding

Wardlaw's plea, and the sentence that followed from it, were fully considered by the Magistrate Judge and addressed in the Recommendation and the Order on Wardlaw's first § 2255 Motion. Thus, there is no merit to Wardlaw's claim that his second § 2255 Motion presents issues that were raised in his first § 2255 Motion but not addressed.

With his first § 2255 Motion, Wardlaw had the opportunity to litigate any challenges to his plea and sentence. If he believed that all of the issues raised by him in that Motion were not addressed by the Court, he should have brought the matter to the attention of the Court at that time. The limitation on second or successive § 2255 motions serves a gatekeeping function which is intended to limit defendants in bringing piecemeal challenges to their convictions and subsequent sentences. Allowing Wardlaw to bring a second § 2255 Motion under these circumstances would be contrary to the purposes of the limitation on filing § 2255 Motions.

"Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. §§ 2255, 2244(b)(3)." In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000). Because certification is required by the court of appeals before a second motion may be filed in the district court, this Court is without jurisdiction to consider Wardlaw's Motion. The Magistrate Judge correctly concluded that it was without authority to consider the merits of Wardlaw's Motion.

While correctly concluding that it was without authority to consider Wardlaw's § 2255 Motion, rather than dismissing the Motion, the Magistrate Judge denied it. The United States Court of Appeals for the Eleventh Circuit recently determined that dismissal is the appropriate

action in such circumstances: "[W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." El-Amin v. United States, No. 05-12796, 172 Fed. Appx. 942, *946 (11th Cir. 2006) (treating Rule 60(b) motion as successive § 2255 motion and remanding to the district court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

In view of the foregoing, therefore, the Court accepts the Recommendation of the Magistrate Judge insofar as it concludes that the Court lacks jurisdiction to consider Wardlaw's second § 2255 Motion, but rejects the Recommendation insofar as it denies the Motion. The Motion is hereby dismissed for want of jurisdiction.

**SO ORDERED**, this the 17th day of July, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls